# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 16, 2011

Lyle W. Cayce
Clerk

No.  09-50855

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROSARIO DIVINS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-889-1

Before JONES, Chief Judge, and BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Rosario Divins was convicted by a jury of seven counts of criminal contempt in violation of 18 U.S.C. § 401(3) and seven counts of mail fraud in violation of 18 U.S.C. § 1341.  She was sentenced to a total of 350 months of imprisonment, to be followed by three years of supervised release.  Finding no reversible error in her appellate points, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  09-50855

## BACKGROUND

For the past 30 years, Divins has made a living swindling financially distressed people by promising (falsely) to keep their homes out of foreclosure in exchange for exorbitant fees.   She has been brought to court and sanctioned on four separate occasions for this conduct.  Various court orders, issued in 1994, January 2000, June 2000, and September 2003, permanently enjoined Divins from the unauthorized practice of law, including offering or providing bankruptcy services, making representations to assist or stop foreclosure, and making representations to provide mortgage brokering services to assist or stop foreclosure.

In February 2006, the district court learned that Divins was violating these orders.  The court initiated criminal contempt proceedings, which the government supplemented with charges of mail fraud. The matter went to trial. At least eight individuals testified against Divins, including Jackie Guerrero, Guadalupe Dominguez, Stanley Miele, Tommy Bordelon, Lupe Monreal, Maria Martinez, Issac Vela, and Juana Anderson.  Their stories were similar.  Each had faced the possibility of foreclosure due to some sort of financial hardship brought about by an illness or a lost job.  Divins had contacted them via mailed flyers promising that she could keep them out of foreclosure in exchange for thousands of dollars in up-front fees.  In each case, Divins either had absconded with the money or refused to return it when she failed to secure the clients relief from foreclosure.  Many of Divins' victims ultimately spent thousands more on real attorneys to undo the damage Divins caused.

Divins elected not to testify, and she presented no witnesses in her defense.  At the close of the Government' case, Divins moved for a judgment of

No. 09-50855

acquittal on all counts. That motion was denied, and the jury convicted her on all counts.

Divins's presentence report ("PSR") calculated a total offense level of 23 on the mail fraud convictions, which included an eight-level increase under U.S.S.G. § 2B1.1(b)(1)(E) because the amount of loss was greater than $70,000. In determining the amount of loss, the PSR considered statements of various victims who did not testify at trial but who instead testified under oath at the sentencing hearing. On the criminal contempt charges, Divins was subject to a statutory maximum sentence of six months. Divins objected to the PSR on various grounds, including an objection to the eight-level enhancement for amount of loss.

At the sentencing hearing, Divins argued that the amount of loss should be calculated only from the receipts admitted into evidence at trial. The district court concluded that the testimony presented at trial established a loss amount slightly over $60,000. The court then heard sworn testimony from victims who had been included in the PSR but did not testify at trial, including Beatriz Ybarra, Yvonne Cantu, and Rogelio Reyes. Based on the testimony and the facts as presented in the PSR, the district court determined that the amount of loss was over $70,000.

After finding that Divins posed a continuing threat to society and had an extensive criminal history, and after noting that Divins had threatened witnesses against her, the court sentenced her to six months on each count of criminal contempt, all of which were ordered to run concurrently to each other and to the sentences imposed on the mail fraud charges. On the remaining seven counts of mail fraud, Divins was sentenced to 50 months on each count,

3

No. 09-50855

which fell on the low end of the guideline. The 50-month sentences, however, were ordered to run consecutively rather than concurrently, bringing Divins's total sentence to 350 months of imprisonment. The district court also imposed a three-year term of supervised release. After Divins's motion for a new trial was denied, she timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## DISCUSSION

### I.    Challenges to Conviction

Divins challenges her conviction on four grounds. First, Divins argues that the district court erred in denying her motion for judgment of acquittal because the criminal contempt charges were barred by the statute of limitations. This challenge fails because it is based on the assertion that the one-year statute of limitations set forth in 18 U.S.C. § 3285 applies to contempt prosecutions brought under 18 U.S.C. § 401. The plain language of the statute limits its applicability to contempt prosecutions arising under 18 U.S.C. § 402. Because Divins was charged and convicted of violations of § 401(3), and the indictment was filed within five years of the date of the earliest act alleged in the indictment, the district court did not err in denying her motion for acquittal on this ground. *See* 18 U.S.C. §§ 401, 3282.

Divins argues next that the evidence was insufficient to support her mail fraud convictions because the government did not prove her intent to defraud or that the representations made in the mailings were in furtherance of a fraudulent scheme. The standard of review for a sufficiency claim is "whether any reasonable trier of fact could have found that the evidence established the appellant's guilt beyond a reasonable doubt." *United States v. Jaramillo*,

4

No. 09-50855

42 F.3d 920, 922-23 (5th Cir. 1995) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Mail fraud requires the government to prove beyond a reasonable doubt "(1) a scheme to defraud (2) which involves a use of the mails (3) for the purpose of executing the scheme." *United States v. Ingles*, 445 F.3d 830, 835 (5th Cir. 2006) (internal quotation marks and citations omitted). The government must also prove that the defendant acted with specific intent to defraud. *United States v. Garza*, 429 F.3d 165, 168-69 & n.1 (5th Cir. 2005). To act with fraudulent intent, the defendant must contemplate or intend some harm to the property rights of her victim. *United States v. Stouffer*, 986 F.2d 916, 922 (5th Cir. 1993).

The evidence showed that Divins solicited vulnerable individuals facing foreclosure by mailing flyers to them to further her scheme. The flyers stated that she could stop foreclosure. Each individual contacted Divins based on the representations made in the flyers. The victims would then pay Divins sums of money, usually in cash, in exchange for promises from Divins that she would stop foreclosure, negotiate with the mortgage company, and sell homes or refinance mortgages. Though there was testimony that foreclosures were initially delayed, there is no evidence that Divins performed her promised actions. The evidence showed that she continually requested more money and then avoided contact with these individuals when her fraudulent actions were suspected or discovered. Mortgage companies never received the money on behalf of her "clients." Additionally, Divins did not inform any of these victims that she had been prohibited by the bankruptcy court from representing that she could assist in foreclosure or bankruptcy proceedings. Divins was repeatedly warned by the bankruptcy court of the consequences if she failed to comply with

5

No.  09-50855

the court's orders.  These warnings occurred in bankruptcy proceedings where it was apparent that the individuals involved had suffered loss as a result of her actions.  There was sufficient evidence for a reasonable jury to conclude that Divins contemplated or intended some harm to the property rights of her victims.  The district court correctly denied her motion for acquittal.

Next, Divins contends that the district court violated her due process rights by excluding documentary and testimonial evidence she sought to present at trial.  The evidence was excluded because Divins failed to comply with a pretrial order mandating reciprocal discovery.  Divins does not dispute that she failed to comply with the discovery order.  Rather, she argues that the court abused its discretion by excluding the evidence.  Divins cannot support this argument.  The evidence pertaining to victims Vela and Bordelon that she complains was excluded was admitted into evidence after the Government withdrew its objection.  Divins also fails to show any harm that resulted from the exclusion from the remaining documentary and testimonial evidence.  She does not discuss whom she sought to present as witnesses or detail the purported testimony.  Nor does she explain how the documentary evidence would have been beneficial.  Because Divins does not argue the benefit of the evidence she sought to produce, she cannot maintain on appeal that the district court abused its discretion in excluding it.  *See United States v. Garcia*, 530 F.3d 348, 351 (5th Cir. 2008).

Finally, Divins contends that her counsel was ineffective in failing to comply with the discovery order.  We do not address claims of ineffective assistance of counsel on direct appeal unless the record is adequate to allow the court to consider the claim's merits.  *See United States v. Higdon*, 832 F.2d 312,

6

313-14 (5th Cir. 1987). No such record exists here, and we decline to consider this claim.

## II.    Challenge to Sentence

Divins challenges the district court's application of an eight-level enhancement to her offense level pursuant to U.S.S.G. § 2B1.1(b)(1)(E) based on a finding that the amount of loss was greater than $70,000. Divins argues that the district court's consideration of sworn testimony from victims at the sentencing hearing who did not testify at trial violated her rights under the Confrontation Clause and Federal Rule of Criminal Procedure 32. Specifically, she claims that the trial court erred in imposing a sentencing enhancement by "polling the audience" to see if any additional people in the courtroom were victims of Divins's scheme. Divins also asserts that she was "ambushed" by this tactic and did not have an adequate chance to rebut the PSR.

Contrary to her lack of notice contention, the presentence report was prepared on July 28, 2009. Divins filed lengthy objections, including an objection to the eight-level enhancement for amount of loss. She was clearly aware before sentencing of the existence of these victims as well as their claims. Further, we have held that the confrontation clause does not apply at sentencing. *United States v. Mitchell*, 484 F.3d 762, 776 (5th Cir. 2007).

It is true that the trial court asked Divins's victims to stand briefly during the sentencing hearing. But the record shows that the court did so as a means of illustrating to Divins how her crimes had affected her community. The court directed: "But for right now I want everyone either who testified or who otherwise feels that they have been a victim to stand. Okay. Now, Ms. Divins,

No.  09-50855

you may turn around and look at your fellow human beings. All right.  Thank you, ladies and gentlemen."  There was no "polling."

The record offers no support for her complaint of "ambush" testimony from additional witnesses at sentencing.  The court added up the loss amounts for each of Divins's victims that testified under oath at trial and reached a total of $60,500.  The government noted at the hearing that a number of potential victims who were listed in the PSR were not able to attend trial.  To give these victims a chance to be heard, the trial court proceeded to hear their sworn testimony.  The court disregarded some of this testimony, but the testimony it credited brought the amount of money Divins stole over the $70,000 threshold. The court therefore adopted the PSR's recommendation.  This approach may not have employed surgical accuracy, but it was certainly reasonable and supported by sworn testimony of which Divins had reasonable advance notice.

## CONCLUSION

For the foregoing reasons, we AFFIRM Divins's conviction and sentence.

**AFFIRMED**